IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:19-CR-017-O |
| BRIAN MATTHEW MORTON (01) | |

## PLEA AGREEMENT

Brian Matthew Morton, John Stickney, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Morton understands that he has the rights

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have his guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in his defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Morton waives these rights and pleads guilty to the offense alleged in Count One of the Indictment, charging a violation of 18 U.S.C. § 2252(a)(2), that is, Receipt of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct. Morton understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence:** The minimum and maximum penalties the Court can impose include:

    a. A term of imprisonment for not less than five years and not more than 20 years;

    b. A fine up to the amount of $250,000, or twice the pecuniary gain or twice the pecuniary loss;

    c. A term of supervised release of five years up to any term of years to life. Revocation of the term of supervised release could result in an additional sentence of up to the term of supervised release;

    d. A mandatory special assessment of $100;

    e. An additional mandatory special assessment of $5,000 must also be imposed pursuant to 18 U.S.C. § 3014 for offenses occurring on or after May 29, 2015, unless the Court finds the defendant to be indigent;

    f. Restitution to victims or to the community, which may be mandatory under the law;

    g. Costs of incarceration and supervision; and

    h. Forfeiture of property.

4. **Court's sentencing discretion and role of the Guidelines:** Morton understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Morton has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Morton will not be allowed to withdraw his plea if his

sentence is higher than expected. Morton fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.  **Mandatory special assessment**: Prior to sentencing, Morton agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6.  **Defendant's agreement**: Morton shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Morton shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Morton expressly authorizes the United States Attorney's Office to obtain immediately a credit report on him in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. Morton fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation. Morton understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

7. **Forfeiture of property**: Morton agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture pursuant to the plea of guilty, specifically the forfeiture of one LG cellular phone, model MS210, IMEI 353341091364720. Morton agrees that this property is subject to forfeiture under 21 U.S.C. § 853(a). Morton consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. Morton agrees to provide truthful information and evidence necessary for the government to forfeit such property. Morton agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

8. **Government's agreement**: The government will not bring any additional charges against Morton based upon the conduct underlying and related to the defendant's plea of guilty. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Morton or any property.

9. **Violation of agreement**: Morton understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Morton for all

offenses of which it has knowledge. In such event, Morton waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Morton also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Waiver of right to appeal or otherwise challenge sentence**: Morton waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. He further waives his right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Morton, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel. Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, Morton reserves solely the right to appeal the district court's order (dkt. 26) entered on March 3, 2019, denying his motion to suppress.

12. **Representation of counsel**: Morton has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Morton has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Morton has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 14th day of March, 2019.

ERIN NEALY COX
UNITED STATES ATTORNEY

Megan J. Fahey
Assistant United States Attorney
Texas State Bar No. 24043655
Burnett Plaza Suite 1700
801 Cherry Street Unit 4
Fort Worth, Texas 76102-6882
Telephone: 817-252-5200
Facsimile: 817-252-5455
megan.fahey@usdoj.gov

Alex Lewis
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____     _____3/7/19_____
BRIAN MATTHEW MORTON            Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____     _____3/7/19_____
JOHN STICKNEY                   Date
Attorney for Defendant